UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jacqueline Deniese Mills,<br><br>Petitioner,<br><br>v.<br><br>Warden M. Starr,<br><br>Respondent. | Case No. 21-cv-1335 (SRN/DTS)<br><br>**ORDER** |

Jacqueline Deniese Mills, reg. No. 28918-009, FMC-Carswell, Unit CC5, P.O. Box 27137, Fort Worth, TX 76127, Pro Se Petitioner

Ana H. Voss and Kristen Rau, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Respondent

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner Jacqueline Deniese Mills' Objections [Doc. Nos. 60, 62] to the August 17, 2022 Report and Recommendation ("R&R") [Doc. No. 52] of Magistrate Judge Becky R. Thorson.[1] In her R&R, Magistrate Judge Thorson recommended that Mills' Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] be denied, that her pending Motions to Inform [Doc. Nos. 34, 35, 43] be denied as moot, and that this matter be dismissed without prejudice.

---

[1] Since the filing of the R&R, Magistrate Judge Thorson has retired, and Magistrate Judge David Schultz has been assigned to this case.

Along with her Objections, Petitioner has also filed two additional motions—her Motion to Inform and Request Extension [Doc. No. 69] and her Motion to Supplement the Record [Doc. No. 72].

For the reasons set forth below, the Court adopts the R&R, overrules Petitioner's Objections, denies her Habeas Petition, denies as moot her other motions, and dismisses this matter without prejudice.

## I.     BACKGROUND

Petitioner Jacqueline Deniese Mills is currently serving a 150-month sentence for wire fraud, bribery, and money laundering. (Fleiner Decl. [Doc. No. 29] ¶ 3; Pet. [Doc. No. 1].) While incarcerated at the Federal Correctional Institute-Waseca, Mills filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. In her Petition, she asks the Court to order the Bureau of Prisons ("BOP") to apply her First Step Act Earned Time Credits to her sentence and transfer her to home confinement under the CARES Act. (Pet. at 3–4, 5–9.)

In recommending the denial of Mills' Petition, Magistrate Judge Thorson found that Mills is ineligible to have her First Step Act time credits applied at this time, the Court lacks authority to transfer her to home confinement under the CARES Act, and a habeas petition under § 2241 is not the proper vehicle for Mills to challenge the BOP's denial of her transfer to home confinement. (R&R at 8–11, 13–15.)

In her Objections, Mills argues that the BOP has miscalculated her First Step Act earned time credits, in part because the BOP has not awarded credits for her work as a tutor.

(Doc. No. 60 at 4–5[2]; Doc. No. 62 at 1–5, 9–12.) Due to this alleged error and others, Mills contends that as of October 2022, the BOP incorrectly calculated her projected release date under the First Step Act as February 16, 2028.[3] (Doc. No. 62 at 4.) By Petitioner's estimation, however, her projected release date should be approximately November 12, 2027. (*Id*. at 9.) Mills further objects to the magistrate judge's recommendation to deny her relief under the CARES Act and asks the Court to transfer her to home confinement. (Doc. No. 60 at 2.)

In its response to these Objections, the Government provides updated information relevant to Petitioner's First Step Act claim. (Gov't's Opp'n [Doc. No. 75] at 1.) It asserts that pursuant to a nationwide recalculation of time credits in January 2023, Mills now has a projected release date of November 13, 2027. (*Id*. at 8.) The Government also maintains that the BOP correctly calculated 12 days that Mills was ineligible to earn time credits under the First Step Act. (*Id*. at 9–10.) Further, the Government contends that the magistrate judge properly found it premature to apply Mills' time credits at this time, and that the Court lacks the authority to order the BOP to place Mills on home confinement. (*Id*. at 9–11.) Thus, the Government urges the Court to adopt the R&R in full. (*Id*. at 1, 12.)

---

[2] The Court's page citations to Petitioner's Objections (Doc. Nos. 60, 62) refer to the ECF pagination found on the top banner of each page.

[3] Mills states that the BOP informed her that "Final Statutory Release for inmate via good conduct time is 11/12/2028, however with applied credits: 270 days, the inmate's projected release date is February 16, 2028 via [First Step Act] release." (Doc. No. 62 at 4) (quoting Oct. 11, 2022 Sentence Monitoring Computation Data).

## II. DISCUSSION

The district court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive matters to which specific objections have been made. Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

### A. First Step Act Earned Time Credits Claim

Under the First Step Act, the Attorney General is required to develop a "risk and needs assessment system" aimed at reducing recidivism, including offering "evidence based recidivism reduction programs or productive activities" to prisoners. 18 U.S.C. § 3632(a). Among the incentives offered to prisoners to participate in BOP-approved programs are earned time credits[4] that may be applied toward prerelease custody or supervised release, provided the prisoner meets additional eligibility requirements. 18 U.S.C. § 3632(d)(4)(A), (C); 18 U.S.C. § 3624(g)(1).

However, as Magistrate Judge Thorson noted, the BOP may apply such credits only when the number of credits equals the remainder of the prisoner's sentence. (R&R at 8–9) (citing *Lallave v. Martinez*, No. 22-CV-791 (NGG/RLM), 2022 WL 2338896, at *11 (E.D.N.Y. June 29, 2022)); *see also* 18 U.S.C. § 3624(g)(1)(A) (stating that a prisoner is eligible for prerelease custody or supervised release when that prisoner "has earned time credits . . . in an amount that is equal to the remainder of the prisoner's imposed term of

---

[4] The Government refers to First Step Act earned time credits as "FTCs." (Gov't's Opp'n at 1.)

4

imprisonment."). This is because time credits may be lost through disciplinary infractions. *Lallave*, 2022 WL 2338896, at *1; 18 U.S.C. § 3632(e). The Court therefore agrees with Magistrate Judge Thorson that because the amount of time remaining on Petitioner's 150-month sentence is greater than the number of earned time credits the BOP has calculated, her request is premature.

As to Petitioner's claim that the BOP's automated calculation system incorrectly removed some of the 555 days of time credits that the BOP had previously calculated, and that this error has delayed her projected release date, (Doc. No. 62 at 8–9), the Court disagrees. The Government explains that in order to timely implement the First Step Act, the BOP engaged in an interim process of computing time credits with regard to a specific "batch" of prisoners—those with a projected release date within 24 months and those involved in litigation, such as Mills. (Gov't's Opp'n at 2–5; Giddings Decl. [Doc. No. 76] ¶ 8.) Under the interim process, this batch of prisoners received a windfall of credits because the BOP calculated time credits without regard to risk and needs assessment periods, opt-in in status, components of the rules, and implementing language. (Giddings Decl. ¶ 11.) As to Mills, under this interim process, as of January 29, 2022 and as reflected in the August 17, 2022 R&R, she had then earned 555 days of time credits and had a projected release date of November 12, 2028. (R&R at 3.) When the Government filed its opposition to Mills' Petition in February 2022, the BOP also noted that Petitioner's computation had not yet been updated. (Fleiner Decl. ¶ 27.)

5

Beginning in January 2023, the BOP began a nationwide recalculation of earned time credits. (Giddings Decl. ¶ 19.) Under the revised calculations, Mills has earned 365 days of time credits toward an early release and 140 days of time credits toward prerelease custody or supervised release, with a projected release date of November 13, 2027. (*Id*. ¶¶ 30–31, Ex. E at 3, Ex. F.)

It is true that under the nationwide recalculation, Mills has now earned 365 days of time credits, as opposed to the 555 that the BOP initially calculated. However, the BOP has projected November 13, 2027 as Mills' prerelease or supervised release date— essentially the same as the "November 12, 2027 (approximately)" projected release date that Mills herself requests in her Objections. (Doc. No. 62 at 9.) Thus, because the changes in the BOP's revised computations have not delayed Mills' projected release date, this claim is now moot.

As to Petitioner's claim that she has not received time credits for her tutoring work, the BOP attests that Mills has been in continuing time-credit earning status since the enactment of the First Step Act, with the exception of 12 days when Mills was either in the hospital or in transit between prison facilities. (Giddings Decl., Ex. F.) As such, time that Mills spent tutoring other inmates is fully subsumed in her time credit computation.

Mills also challenges the exclusion of 12 days of time. (Doc. No. 62 at 6–7.) However, under the BOP's interpretation of 18 U.S.C. § 3632(d)(4), it excludes from eligible program time any outside hospital and in-transit time, stating that it is "not feasible for inmates to participate in [evidence-based recidivism reduction programs] and

[productive activities] in these circumstances." (Gov't's Opp'n at 10; Giddings Decl. ¶ 25.) The Court does not disagree.

In sum, with respect to Petitioner's First Step Act claim, the Court therefore adopts the R&R, overrules Mills' objections, and denies her Petition.

**B. CARES Act**

Mills also contends that she is entitled to immediate transfer to home confinement under the CARES Act, citing a number of medical conditions, and arguing that the BOP's denial of such placement constitutes cruel and unusual punishment. (Pet. at 7–10.) She also contends that the BOP has violated her due process and equal protection rights to the extent the BOP released another FCI-Waseca inmate to home confinement, but not Mills. (*Id*. at 4–6.)

Magistrate Judge Thorson correctly observed that the CARES Act authorizes the BOP—not the Courts—to determine the placement of prisoners. (R&R at 13–14) (citing *Machipiness v. B. Birkholz*, No. 21-CV-1668 (JRT/ECW), 2021 WL 8363203, at *6 (D. Minn. Dec. 6, 2021), *report & recommendation adopted*, 2022 WL 1284772 (D. Minn. Apr. 29, 2022); *Williams v. Birkholz*, No. 20-CV02190 (ECT/LIB), 2021 WL 4155614, at *3 (D. Minn. July 20, 2021), *report & recommendation adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021); *United States v. James*, No. 15-CR-255 (SRN), 2020 WL 1922568, at *2 (D. Minn. Apr. 21, 2020)). Because the BOP has exclusive authority to determine placement decisions, Petitioner's challenge to the agency's placement decision is not reviewable by this Court. *See Williams*, 2021 WL 4155614, at *3. Moreover, prisoners do not have a constitutional right to placement in a particular facility or place of

confinement, and home confinement is a place of confinement. *James*, 2020 WL 1922568, at *2 (citations omitted).

As to Petitioner's allegations of due process, equal protection, and cruel-and-unusual-punishment violations stemming from the BOP's denial of home confinement, relief under § 2241 is unavailing here. As Magistrate Judge Thorson properly observed, under § 2241, a habeas petitioner can only challenge the fact or duration of confinement. (R&R at 14) (citing *Spencer v. Haynes*, 774 F.3d 467, 470–71 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)). Because these claims do not challenge "the legality of h[er] detention, a writ of habeas corpus is not the correct remedy for the alleged violation of h[er] rights." *Jorgenson v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 WL 2935641, at *1 (D. Minn. July 13, 2021) (citing *Kruger*, 77 F.3d at 1073; *Spencer*, 774 F.3d at 470)). Accordingly, the Court agrees with the magistrate judge that dismissal without prejudice is appropriate here.[5] The Court thus adopts the R&R and overrules Mills' Objections in this regard.

**C. Related Motions**

At the time Magistrate Judge Thorson issued the R&R, Mills had filed several Motions to Inform [Doc. Nos. 34, 35, 43] that were related to her § 2241 Petition. The

---

[5] The Court also agrees with the magistrate judge that it would be inappropriate to recharacterize Mills' CARES Act claims and convert them into a civil rights action. (R&R at 15 n.10.) As noted by Magistrate Judge Thorson, Mills presents a variety of allegations, some of which are undeveloped and some of which challenge the BOP's discretionary authority, which would remain unviewable in a civil rights action.

magistrate judge recommended that these motions be denied as moot. Given the rulings herein on Mills' § 2241 Petition, the Court agrees and denies these related motions as moot.

Similarly, after the R&R was issued, Mills also filed a Motion to Inform and Request Extension [Doc. No. 69] and a Motion to Supplement the Record/Take Notice [Doc. No. 72]. Although the Court has considered all of Mills' filings, in light of the rulings herein on her § 2241 Petition, it denies these two motions as moot.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY**

**ORDERED** that:

1. The R&R [Doc. No. 52] is **ADOPTED**.

2. Mills' Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED**.

3. Mills' Motions to Inform/take notice [Doc. Nos. 34, 35, 43, 69, 72] are **DENIED AS MOOT**.

4. This matter is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 27, 2023                                s/Susan Richard Nelson
                                                     SUSAN RICHARD NELSON
                                                     United States District Judge